## WASHITA RIVER OIL CORP. v. DUTRO.

No. 16966—Opinion Filed Sept. 14, 1926.

Rehearing Denied Nov. 16, 1926.

**Appeal and Error—Review of Law Case—Sufficiency of Evidence.**

In a law case, where there is any competent evidence reasonably tending to support the verdict of the jury, decision, or judgment of the court, the same will not be disturbed by this court on appeal.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Johnston County; J. H. Linebaugh, Judge.

Action by H. F. Dutro against Washita River Oil Corporation, I. E. Gibbons, and Gayle Denny, for a money judgment and foreclosure of oil worker's lien. Judgment for plaintiff, and the defendant Washita River Oil Corporation appeals. Affirmed.

Cornelius Hardy, for plaintiff in error.

Ratliff & Ratliff and Brown, Brown & Williams, for defendant in error.

Opinion by THREADGILL, C. The defendant in error, H. F. Dutro, hereinafter called plaintiff, filed his petition in the district court to recover on a claim in the sum of $813, with interest, for work and labor performed as a tool dresser, under a verbal contract, in the employ of Washita River Oil Corporation, I. E. Gibbons, and Gayle Denny, hereinafter called defendants, and to foreclose an oil and gas well lien against defendant's oil and gas leasehold property in Johnston county. He alleged, in substance, that the defendants Washita River Oil Corporation and I. E. Gibbons employed him as tool dresser on a well being drilled by said defendants, located on the Fred Trotter farm in section 9, T. 4 S., R. 4 E., in Johnston county; that he was to receive for such work a salary of $100 cash per month, and the sum of $170 in stock of the said oil corporation per month up until the 1st day of April, 1923, and thereafter, $270 per month cash; that he performed the work according to agreement, and said defendants issued the stock as agreed, but had paid nothing in money; that they were indebted to him $100 per

month for the months of January, February, and March, 1923, and $270 for April, and $243 for 27 days in May, 1923, making a total sum of $813. Plaintiff further pleaded his lien statement and asked for judgment. The defendant Gayle Denny filed a disclaimer and was discharged. The defendants Washita River Oil Corporation and I. E. Gibbons filed separate answers and cross-petitions, the material parts of which, for the purposes of this appeal, were to the effect that plaintiff was employed as a tool dresser for said corporation, and was to be paid nine shares of stock per day for his services, but they each deny that he was to be paid anything in money. There were other allegations as to the status and rights of the parties in the leasehold estate, but since these matter are not involved in the appeal, it is unnecessary to state them here. The issues were tried to a jury and resulted in a verdict for plaintiff, in the sum of $813 with interest against the Washita River Oil Corporation, a denial of foreclosure of lien claim, and a dismissal as to I. E. Gibbons, and from an order overruling the oil corporation's motion for a new trial, this appeal is prosecuted by petition in error and case-made attached.

Defendant states several assignments of error which are discussed under one proposition, to the effect that the evidence, on behalf of the plaintiff, failed to show that he was employed as a tool dresser and for a salary to be paid in money. It is not contended that he was not employed by the month as tool dresser to be paid in stock of the oil corporation, but it is urged that there was no legal contract to pay a salary in money.

We have taken the pains to examine the evidence to determine this question. Plaintiff testified that he was employed by his father, C. O. Dutro, who was field superintendent of the company, to do the work of tool dresser; that up to January 1, 1923, he was paid in stock of the company, and after this time he was to be paid $170 in stock per month, and for January, February, and March, $100 in money per month, and thereafter $270 in money per month; that he worked under this agreement until May 27, 1923, but received no money for his work. I. E. Gibbons testified that he was president of the said company, and he admitted that C. O. Dutro, who was the father of plaintiff, was the field superintendent of the company, and had charge of all the operations in the development work

except the matter of actual drilling; that he had authority to employ hands and discharge them by witness's permission; he admitted that plaintiff was employed as tool dresser by his father and by witness's consent, and he was to be paid in stock, but he denied that there was any agreement to pay him in money. C. O. Dutro, by way of rebuttal, testified that he employed plaintiff, and it was understood and agreed that he was to be paid in money after January 1, 1923, and for the first three months $100 per month, and thereafter $270 per month, and that he so informed I. E. Gibbons, who said it was all right.

Under the rule in a law case, this evidence was good against defendant's motion for directed verdict, and sufficient to sustain the verdict of the jury and judgment of the court. We are not authorized to pass on the weight of the evidence, or credibility of the witnesses, but where there is any competent evidence reasonably tending to support the verdict of the jury, decision, or judgment of the court, the same will not be disturbed on appeal.

The judgment of the trial court, therefore, is hereby affirmed.

By the Court: It is so ordered.

Note.—See 4 C. J. p. 853, §2834; 2 R. C. L. 193; 1 R. C. L. Supp. 432; 4 R. C. L. Supp. 90; 5 R. C. L. Supp. 79.